IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAPHY BATISTA MORALES        :
                             :
            Petitioner,      :    3:26-cv-1439
                             :    (JUDGE MARIANI)
    v.                       :
                             :
JESSICA SAGE, WARDEN,        :
FCI LEWISBURG, *et al.*,     :
                             :
            Respondents.     :

## MEMORANDUM OPINION

## I.    BACKGROUND

Petitioner Raphy Batista Morales ("Petitioner"), a citizen of the Dominican Republic

and Lawful Permanent Resident of the United States, filed a *pro se* petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Petitioner is detained within the

Middle District of Pennsylvania and names as Respondents Jessica Sage, Warden of FCI

Lewisburg, and the Attorney General of the United States.

In January 2026, Petitioner was served with a Notice to Appear charging him as

deportable under Section 237(a)(2)(B)(i) of the Immigration and Nationality Act because he

was convicted of a crime involving a controlled substance following his admission to the

United States.  (Doc. 7 at 3); *see* 8 U.S.C. § 1227(a)(2)(B)(i) ("Any alien who at any time

after admission has been convicted of a violation of (or a conspiracy or attempt to violate)

any law or regulation of a State, the United States, or a foreign country relating to a

controlled substance . . . , other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.").

On April 22, 2026, an Immigration Judge ("IJ") denied Petitioner's request for cancellation of removal and ordered Petitioner removed to the Dominican Republic.[1] Petitioner timely appealed the IJ's removal order to the Board of Immigration Appeals ("BIA"). (Doc. 7-6). Accordingly, Petitioner's removal order is not final.

Petitioner has been mandatorily detained without bond by Respondents pursuant to 8 U.S.C. § 1226(c) for over six months—since January 8, 2026. (Doc. 7). For the reasons set forth below, the Court finds Petitioner's civil immigration detention under Section 1226(c) has become unreasonable and will order Respondents to provide Petitioner with a prompt and individualized bond hearing before an IJ. In that hearing, Respondents must prove by "clear and convincing evidence that continued detention is necessary" because Petitioner presents a flight risk or danger to the community if released. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020).

## II.    STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S.

---

[1]    Petitioner does not dispute that, in September 2025, he was convicted of possession of a controlled substance—meth—in Bucks County and sentenced to 61 days to 12 months incarceration. Nor does Petitioner dispute he has an extensive criminal record, including arrests or convictions for Stalking, Terroristic Threats, Simple Assault, Harassment, Evading Arrest, Disorderly Conduct, and Public Drunkenness. (*Id.* at 2); (Doc. 7-3).

507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

### III.   ANALYSIS

Petitioner alleges his civil immigration detention violates 8 U.S.C. § 1226(a) because he has never been provided with a bond hearing throughout the duration of six months of detention. (Doc. 1 at 5). However, Section 1226(a) does not govern Petitioner's detention based on his criminal history. Rather, the Court agrees with Respondents that Petitioner is mandatorily detained without bond under 8 U.S.C. § 1226(c).[2] Accordingly, the Court will

---

[2]     "Under Section 1226(c), the Attorney General "shall take into custody" any noncitizen who meets its statutory criteria." *J.G.J. v. Sage*, 2026 WL 915576, at \*5 (M.D. Pa. Apr. 3, 2026) (quoting 8 U.S.C. § 1226(c)). Petitioner is mandatorily detained under Section 1226(c)(1)(B) because is he "deportable by reasons of having committed any offense covered in sections 1227(a)(2)(A)(ii), (A)(iii), (B), (C), (D)." 8 U.S.C. § 1226(c)(1)(B). Moreover, Petitioner does not dispute that he is deportable under Section 1227(a)(2)(B)(i). *See* 8 U.S.C. § 1227(a)(2)(B)(i) ("Any alien who at any time after admission has been convicted of a violation

construe Petitioner's *pro se* petition to allege that his mandatory civil immigration detention without bond violates his due process rights under the Fifth Amendment to the United States Constitution.[3]

"8 U.S.C. § 1226(c) requires the Government to detain immigrants with certain criminal convictions pending removal without bond hearings." *Michelin v. Warden Moshannon Valey Corr. Cent.*, 169 F.4th 418, 433 (3d Cir. 2026). In *Jennings*, the Supreme Court held that "§ 1226(c) does not on its face limit the length of the detention it authorizes." *Jennings v. Rodriguez*, 583 U.S. 218, 303 (2018). However, as applied constitutional challenges to prolonged immigration detention under Section 1226(c) are recognized by the United States Court of Appeals for the Third Circuit. *German Santos*, 965 F.3d 203.

To determine whether prolonged detention is unreasonable, a "highly-specific-fact inquiry," this Court must address "a nonexhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable." *Id.* at 210-11. "The most important factor is the duration of detention." *Id.* at 211. The Court must also consider: (1) whether the detention is likely to continue; (2) reasons for the delay, such as a detainee's

---

of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . , other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.").

[3]     Petitioner also alleges his detention violates 8 U.S.C. § 1231(a)(6), which "governs the detention, release, and removal of individuals ordered removed." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022). However, Section 1231(a)(6) does not govern Petitioner's detention because his removal order is not administratively final, as his appeal of the IJ's removal order remains pending with the BIA.

request for continuances; and (3) "whether the alien's conditions of confinement are meaningfully different from criminal punishment." *Id.* If a noncitizen's "civil detention under § 1226(c) looks penal, that tilts the scales toward finding the detention unreasonable." *Id.* (citations omitted). "And as the length of detention grows, so does the weight that we give this factor." *Id.*

## Duration of Detention

Petitioner has been detained by Respondents at FCI Lewisburg since January 8, 2026—slightly over six months. "There is no presumption of reasonableness or unreasonableness of any duration." *German Santos*, 965 F.3d at 211. The Third Circuit has declined to impose a *per se* rule that any detention longer than a specific duration is unreasonable. However, the Third Circuit finds that "detention becomes more and more suspect after five months." *Id.* at 211. In *German Santos*, the Third Circuit held that the petitioner's "detention became unreasonable sometime between six months and one year" after it began. *Id.*

Here, Petitioner has been detained for slightly over six months. The Court finds that the duration of Petitioner's civil immigration detention slightly favors relief at this time.

## Likelihood of Detention

Petitioner has established he is likely to stay detained for some time. On May 15, 2026, Petitioner timely appealed the IJ's April 22, 2026, removal order to the BIA. (Doc. 7-6). His appeal remains pending before the BIA, meaning "he will stay in prison as long as it

takes the Board to issue its decision." *German Santos*, 965 F.3d at 212. Further, if the BIA denies his appeal and affirms the order of removal, Petitioner may appeal that decision to the Circuit Court of Appeals and seek a stay of removal. No final order of removal exists. Under these circumstances, the Court finds the second *German Santos* factor favors granting habeas relief. *See Joseph v. Warden*, 2026 WL 497532, at *2 (M.D. Pa. Feb. 23, 2026) ("The second factor, the likelihood that detention will continue, favors granting habeas relief. Joseph is appealing his removal order to the BIA and expresses his intent to appeal to the Third Circuit if necessary.").

## Reasons for the Delay

The Court finds no party is responsible for any delay. Accordingly, this factor is neutral and does not favor or disfavor habeas relief.

## Conditions of Confinement

The Court next finds that Petitioner's civil immigration detention at FCI Lewisburg "is indistinguishable from criminal punishment." *German Santos*, 965 F.3d at 213 (holding that conditions at Pike County Correctional Facility were indistinguishable from criminal punishment). If a noncitizen's "civil detention under § 1226(c) looks penal, that tilts the scales toward finding the detention unreasonable." *Id*. at 211.

Weighing the *German Santos* factors, the Court finds that Petitioner's civil immigration detention under 8 U.S.C. § 1226(c) has become unreasonable. Petitioner has been detained for over six months and has demonstrated that he is likely to be detained for

6

an extended period of time, as his appeal to the BIA remains pending and he is likely to appeal any forthcoming BIA decision to the Circuit Court of Appeals. Moreover, because Petitioner's detention looks penal, that tips the scales toward a finding that his detention has become unreasonable.

The Third Circuit in *German Santos* found the appropriate remedy for prolonged civil immigration detention under 8 U.S.C. § 1226(c) was a prompt and individualized bond hearing. In that bond hearing before an IJ, "the Government must put forth clear and convincing evidence that continued detention is necessary" because Petitioner "would likely flee or pose a danger to the community if released."[4] *German Santos*, 965 F.3d 213.

## IV.   CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be granted in part. Respondents shall provide Petitioner with an individualized bond hearing before an IJ within seven days of the date of the accompanying Order. At that hearing, Respondents will bear the burden of establishing, by clear and convincing evidence, that Petitioner's continued

---

[4]    Petitioner also purports to bring claims under the 42 U.S.C. § 1983, *Bivens*, the Federal Tort Claims Act, and the Administrative Procedures Act, among others. The Court has carefully reviewed the remaining claims and finds most are not cognizable in habeas. *See Broussard v. Ebbert*, 2015 WL 6083541, at *2 (M.D. Pa. Oct. 15, 2015) (FTCA and *Bivens* claims "are not cognizable in habeas since they do not challenge the legality or duration of Petitioner's confinement, or the execution of his sentence.") (citing *Leamer v. Fauver*, 288 F.3d 532, 547 (3d Cir. 2002)). To the extent Petitioner raises a conditions of confinement claim, without more detailed factual allegations supporting this claim, the Court cannot conclude that his case constitutes an "extreme case" that warrants habeas relief based on his alleged conditions of confinement at FCI Lewisburg. *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020). As for the remaining claims, Petitioner has failed to satisfy his burden to demonstrate facts entitling him to any habeas relief other than a bond hearing under *German Santos*.

detention is necessary because he presents a flight risk or danger to the community if released.  A separate Order follows.

Robert D. Mariani
United States District Judge